Document Filed Electronically

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENNA COSTELLO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>        Defendant. | CIVIL ACTION NO. *Not Yet Assigned*<br><br>State Court Docket No. L-596-17<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT FORD MOTOR COMPANY; REQUEST FOR JURY TRIAL** |

**TO:   Chief Judge and Judges of**
       **The United States District Court – District of New Jersey**

ON NOTICE TO:      Richard Kim, Esq.
                           Drucilla Tigner, Esq.
                           THE KIM LAW FIRM, LLC
                           1500 Market Street, Centre Square
                           West Tower, Suite W3110
                           Philadelphia, PA 19102

                           Joseph M. Profy
                           Jeffrey J. Ciarlanto
                           PROFY PROMISLOFF & CIARLANTO, P.C.
                           100 N. 22nd Street, Unit 105
                           Philadelphia, PA 19103

                           Clerk
                           Superior Court of New Jersey
                           Law Division, Camden County
                           Hall of Justice
                           101 South 5th Street – Suite 150
                           Camden, NJ 08103-4001

HONORABLE JUDGES:

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Ford Motor Company ("Ford") hereby removes this action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Camden County, where this action is now pending. The grounds for removal are as follows:

## FACTUAL BACKGROUND

1. On or about February 3, 2017, Plaintiff Brenna Costello ("Plaintiff") filed a putative class action complaint ("Compl.") in the Superior Court of New Jersey, Law Division, Camden County, against Defendant Ford, titled "Brenna Costello v. Ford Motor Company," Docket No. L-596-17.

2. Service of the Complaint was effectuated on Ford on February 17, 2017. No other pleadings, process, or orders have been served on Ford in the state action. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.1(e), a copy of all other process, pleadings, and orders in this action, which papers include the summons and complaint, are attached as Exhibit 1 to this Notice of Removal.

3. As more fully set out below, this case properly is removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over

this action pursuant to 28 U.S.C. § 1332.

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

4. This case is a putative class action in which (1) there are 100 or more members in Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from a Defendant; and (3) the value of the claims of the proposed class members exceeds the sum or value of $5 million in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**A.    The Putative Class Consists of More Than 100 Members.**

5. In the Complaint, Plaintiff purports to represent a class consisting of "[a]ll individuals who purchased or leased any 2011 through 2013 Ford Fiesta or 2012 through 2013 Ford Focus vehicles equipped with PowerShift Transmission in the State of New Jersey." (Compl. ¶ 54.)

6. Plaintiff alleges that Ford designed and manufactured Model Year 2011 through 2013 Ford Fiesta and 2012 through 2013 Ford Focus Vehicles, and sold "thousands" of the vehicles equipped with PowerShift Transmissions through dealers and other retail outlets in New Jersey. (Compl. ¶ 26.) Therefore, the number of class members in Plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    There is Minimal Diversity of Citizenship.**

7. At least one member of the proposed class is a resident of a state different than Ford. 28 U.S.C. § 1332(d)(2)(A).

8. Plaintiff alleges that she is a citizen of the State of Pennsylvania. (Compl. ¶ 11.) Plaintiff purports to represent a class consisting of "[a]ll individuals who purchased or leased any 2011 through 2013 Ford Fiesta or 2012 through 2013 Ford Focus vehicles equipped with PowerShift Transmission in the State of New Jersey." (Compl. ¶ 54.)

9. Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. (Compl. ¶ 20; Exhibit 2 hereto, Declaration of Matthew Fyie, ¶ 5.) Because Ford is not a citizen of Pennsylvania, nor of New Jersey, there is diversity between proposed class members and Ford.

10. Thus, at least one proposed class member and one Defendant are diverse, and minimal diversity is established. 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount in Controversy Requirement is Satisfied.**

11. The aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million in this case. 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6). Ford disputes that the proposed class may be certified and/or that it is liable for any damages whatsoever to Plaintiff or to the proposed class. Nevertheless, Ford can demonstrate that the aggregate amount in controversy in this case exceeds $5 million

under the "preponderance of the evidence" standard, if required in this case. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Walsh v. Defenders Inc.*, 2016 U.S. Dist. LEXIS 158711, at *5-8 (D.N.J. July 15, 2016) (a defendant's "plausible allegations regarding the amount in controversy will suffice," and if the allegations are challenged, the court must decide "by a preponderance of the evidence" whether the jurisdictional requirements are satisfied) (citing *Dart Cherokee*); *see also* 28 U.S.C. § 1446(c)(2) (removal is proper if district court finds by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold).

12. Plaintiff alleges violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, violations of the New Jersey Truth-In-Consumer Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq.*, breach of the implied warranty of merchantability under N.J.S.A. § 12A:2-314, and breach of express warranty under N.J.S.A. § 12A:2-313. (Compl. ¶¶ 63-93.)

13. Plaintiff alleges that in April 2014, she purchased a used 2012 Ford Focus in New Jersey, and that, within the first six months she owned the car, she noticed a "rattling noise and trouble accelerating from a stop or in stop and go traffic." (Compl. ¶¶ 11, 13.) Plaintiff alleges that despite repair attempts, her Focus

continues to exhibit transmission symptoms, including "bucking, shuddering, struggling to accelerate and lacking power." (Compl. ¶ 18.)

14. Plaintiff does not allege a specific amount in controversy. Plaintiff seeks an "award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, and including the additional purchase cost of the PowerShift Transmission option, in an amount to be proven at trial." Plaintiff also seeks disgorgement or restitution from Ford, and an "award of attorneys' fees and costs, as allowed by law." (Compl. ¶ 97, Prayer for Relief.)

15. The claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6).

16. Ford dealerships located in New Jersey sold 10,285 Model Year 2011-2013 Ford Fiesta vehicles equipped with PowerShift Transmissions. (Fyie Decl. ¶ 7.)

17. Ford dealerships located in New Jersey sold 48,228 Model Year 2012-2013 Ford Focus vehicles equipped with PowerShift Transmissions. (Fyie Decl. ¶ 8.)

18. Plaintiff alleges that "[t]he PowerShift Transmission is priced at $1,095.00." (Compl. ¶ 27). Since Plaintiff seeks to recover damages including the "additional purchase cost of the PowerShift Transmission option," damages

representing just the cost of the PowerShift Transmission for every PowerShift-equipped Model Year 2011-2013 Ford Fiesta and 2012-13 Ford Focus vehicle sold or leased by a Ford dealership located in New Jersey would total $64,071,735.00 (58,513 vehicles x $1,095.00).

19. Therefore, the amount in controversy is easily met.

**D.  This Court Has Jurisdiction Over this Case Under CAFA.**

20. No statutory exception to CAFA jurisdiction applies in this case. See generally 28 U.S.C. §1332(d).

   a. Section 1332(d)(4)(A) (known as the "local controversy exception") does not apply because, among other reasons, Ford is not a citizen of New Jersey, the state in which the action was originally filed.

   b. Section 1332(d)(4)(B) (the "home state exception") does not apply because, among other reasons, Ford is not a New Jersey citizen.

   c. Section 1332(d)(3) (the "interests of justice" exception) requires that "the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). This exception to jurisdiction does not apply because, among other reasons, Ford is not a New Jersey citizen.

21. Therefore, because there are 100 or more members in Plaintiff's proposed class; at least some members of the proposed class have a different citizenship from a Defendant; and the value of the claims of the proposed class members exceeds the sum or value of $5 million in the aggregate, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

22. This Notice of Removal is filed within thirty days of February 17, 2017,

the date on which Ford was first served with the Complaint and summons. Thus, it is timely filed.

23. This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.

24. Venue is proper because the Superior Court of the State of New Jersey, Law Division, Camden County, is located in the District of New Jersey.

25. In accordance with 28 U.S.C. § 1446(d), Ford is filing a copy of this Notice of Removal with the clerk of the Superior Court of the State of New Jersey, Law Division, Camden County, and serving a copy upon counsel for Plaintiff.

WHEREFORE, Ford respectfully removes the above-captioned action pending against it in the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey, and demands a jury on all issues so triable.

Dated: March 17, 2017

        Respectfully Submitted,

By: s/ James S. Dobis
    James S. Dobis, Esq. (1425)
    Dobis, Russell & Peterson, P.C.
    326 South Livingston Ave.
    Livingston, NJ 07039
    Phone: (973) 740-2474
    Fax: (973) 740-2484
    jdobis@drp-law.com
    **Attorneys for Defendant,**
    **Ford Motor Company**